IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN J. KELLY, Debtor, and
PAUL KELLY, Creditor,
                                            OPINION AND ORDER
          Appellants,

                                                  17-cv-793-bbc

  v.

PETER F. HERRELL, Trustee,

          Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case arises out of an involuntary petition filed on December 12, 2002 under chapter 7 of the Bankruptcy Code against debtor Brian Kelly. Over the past 15 years, the appellants, Kelly and his father, Paul Kelly, have filed numerous appeals in the Bankruptcy Court for the Western District of Wisconsin, this court and the Court of Appeals for the Seventh Circuit. Now before the court is their appeal of an order entered by the bankruptcy court on October 5, 2017, allowing trustee Peter Herrell to sell a farm allegedly owned by Brian Kelly to the Jerry Johnson Revocable Trust. Dkt. #2.

The sole issue raised in the appeal is whether the bankruptcy court entered the October 2017 order without proper notice and a fair hearing, in violation of appellants' rights under the due process clause. For the reasons explained below, I am dismissing the appeal.

The following facts are drawn from the bankruptcy court record (Bankr. dkt.), Bankr. Case No. 02-18037, unless noted otherwise. Because this case has an exhaustive procedural

history spanning more than 15 years, only those events relating to the issues raised on appeal are summarized below.

BACKGROUND

On January 10, 2017, Peter Herrell, the Chapter 7 bankruptcy trustee, filed a motion in the bankruptcy court seeking authority under sections 105, 363 and 365 of the bankruptcy code to sell real estate purportedly owned by Brian Kelly to the Jerry Johnson Revocable Trust for the sum of $44,000, free and clear of all liens, claims, encumbrances and interests, except for real estate taxes. Bankr. dkt. #335. The trustee specifically requested that the bankruptcy court find the sale to be a legal, valid and effective transfer of the real estate, the real estate is owned solely by the debtor and there are no other persons or entities having any rights or interests in the real estate in accordance with 11 U.S.C. § 363(f) and the buyer is purchasing the property in good faith in accordance with 11 U.S.C. § 363(m). Id. Accompanying the motion was a notice to appellants and other potentially interested parties, stating that they had 21 days to file a request for a hearing and a written response. Id.

On January 31, 2017, appellants filed an objection to the sale, arguing that (1) the events leading up to the involuntary petition, the involuntary petition itself and the subsequent involuntary proceeding were all tainted with fraud; and (2) because Paul Kelly purchased the real estate and placed the title in his son Brian's name while Paul occupied it as his residence and operated the farm, Paul has an interest in the real estate based on a

2

"right of adverse possession" that precludes a sale under 11 U.S.C. § 363(f). Bankr. dkt. #336, #357 at 3. Appellants also requested a hearing on the matter. The bankruptcy court held a preliminary telephonic hearing on March 8, 2017, at which the parties agreed to submit written briefs on the motion to sell the property. Bankr. dkt. #349.

After considering the lengthy briefs filed by the trustee, appellants and other parties, bankr. dkt. ##350-57, the bankruptcy court issued a written decision on October 5, 2017. Bankr. dkt. #357. The bankruptcy court declined to consider appellants' fraud arguments, concluding that they had been raised and ruled on in previous bankruptcy proceedings and were referred to on appeal in the United States District Court for the Western District of Wisconsin and the Court of Appeals for the Seventh Circuit. Id. at 3-4. (Neither this court nor the court of appeals has ruled on the merits of the fraud claims because the bankruptcy court has not yet issued a final appealable order in this case. Id.; W.D. Wis. case no. 13-cv-633-bbc, dkt. #21.) With respect to appellants' second objection to the sale, the bankruptcy court found that Paul Kelly did not have title to the real estate or a right to the property by adverse possession. Bankr. dkt. #357 at 4-5. However, the bankruptcy court noted that the United States trustee alleged that Paul and Patricia Kelly may have some interest in the property.

Although the bankruptcy court rejected both of appellants' objections to the sale of the property, it determined that the specific conditions requested by the trustee under 11 U.S.C. §§ 363(f) and (m) could not be granted. In support of his position that the property was free and clear of all liens, claims and encumbrances, the trustee relied on a report from

3

a title company and a 2009 state court decision in a fraudulent transfer action, ordering the property returned to Brian Kelly. However, the bankruptcy court found that neither the title report nor the state court judgment made it clear whether there were any liens, claims or encumbrances attached to the real estate, including any interest that may be held by Paul Kelly. The bankruptcy court also noted that although the parties had agreed that the motion for approval of the sale be decided on briefs without an evidentiary hearing, a review of the record revealed that there were questions of fact as to the status of the title that could be determined only after an evidentiary hearing. However, it concluded that ordering an extensive evidentiary hearing to make the findings necessary to satisfy 11 U.S.C. §§ 363(f) and (m) would contravene the court of appeals' admonishment that this case had consumed too many resources and should be resolved expeditiously. Kelly v. Herrell, 602 Fed. Appx. 642, 647 (7th Cir. 2015) ("This case has consumed far more resources—judicial and otherwise—than it should have. We trust that the bankruptcy court will now be in a position to resolve it expeditiously."). The bankruptcy court also noted that the status of the property's title was an issue best left for the state courts. Bankr. dkt. #357 at 6-8.

In the end, the bankruptcy court declined to approve the sale of the property under 11 U.S.C. § 363(f) and make the findings that the trustee requested. However, it concluded that "the [t]rustee should be authorized to sell the real estate to the proposed purchaser pursuant to a trustee's deed, subject to all liens, claims, and encumbrances and without the requested findings" and that "[t]he proposed purchaser can decide if the conveyance is sufficient to give it the title it needs" or "whether it wants to go forward with the purchase

4

and resort to a state court action to clear title, or to forgo the purchase." Bank. dkt. #357 at 9.

OPINION

A. Proper Appellants

As a preliminary matter, it is necessary to address the role of Paul Kelly in this case. In ruling on a prior appeal filed by Brian and Paul Kelly in the underlying bankruptcy case, the Court of Appeals for the Seventh Circuit held that

> Kelly's father, Paul Kelly (who has a law degree but was disbarred in Wisconsin in 1982), not only signed the notice of appeal but also his son's appellate briefs. Yet as far as we can tell, the senior Kelly does not have a cognizable interest in the Chapter 7 estate. He calls himself a creditor, but that characterization is questionable. He did not file a claim against the estate, nor is he identified as a creditor on the Claims Register. Neither can we find anything in the record from Brian Kelly indicating that his father was one of his creditors at the time the Chapter 7 case was filed. Paul Kelly first surfaced in December 2011—nine years after the involuntary petition was filed—when he objected to the settlement with the trustee. At the hearing in 2013 on the debtor's motion to vacate the transfer to a different bankruptcy judge, the senior Kelly participated in the conference, "appearing personally." The bankruptcy and district courts seem to have tolerated this shadowing of his son, but Kelly's father was not legitimately involved in the bankruptcy case and is not a proper appellant. In addition to these serious flaws, Paul Kelly has not explained how the district court's decision or any ruling of the bankruptcy court injured him in a way that we can correct. See Marino v. Ortiz, 484 U.S. 301, 304 (1988); In re Holly Marine Towing, Inc., 669 F.3d 796, 800 (7th Cir. 2012); Grinnell Mut. Reinsurance Co. v. Reinke, 43 F.3d 1152, 1154 (7th Cir. 1995). We thus conclude that he is not a party to this appeal, and we have accordingly removed his name from the caption.

Kelly, 602 Fed. Appx. at 645. In briefs filed in the bankruptcy court and this court, Paul Kelly has claimed that he has an interest in the property that the trustee seeks to sell.

5

Although the ownership of the property itself is not the subject of the current appeal, the bankruptcy court made some findings with respect to that issue in ruling on the trustee's motion for approval of the sale. Accordingly, I will give appellants the benefit of the doubt and allow Paul Kelly to remain as a party to this appeal.

## B. Due Process Challenge

Although appellants refer to several previous decisions made by the bankruptcy court and what they believe to be fraud involving the filing of the bankruptcy petition and potential sale of the farm, they make clear that they are raising only one issue on appeal: whether the bankruptcy court entered the October 2017 order without proper notice and a fair hearing, in violation of appellants' rights under the due process clause. Appellants' Br. in Supp. of App., dkt. #10 at 5 (noting that "[t]he foregoing recitation [of the case history] is truly extraneous to the issues to be raised in appellants' appeal"). Specifically, appellants argue that they were not given the opportunity to be heard with respect to the bankruptcy court's approval of the sale under 11 U.S.C. § 363(b), instead of 11 U.S.C. § 363(f), as the trustee requested in his motion. Dkt. #10 at 11 ("What we are saying is the bankruptcy court in this matter 'switched horses in midstream' and approved the sale on an entirely different basis than the motion for the sale relied on. The parties were not given an opportunity to address the [] issue upon which the court based its decision."). In their reply brief, appellants seem to make additional arguments about the bankruptcy court's specific rulings with respect to the title of the property, but it is well-established that arguments

6

raised or developed for the first time in a reply brief are waived. Mendez v. Perla Dental, 646 F.3d 420, 423-24 (7th Cir. 2011).

In a bankruptcy appeal, issues of law are reviewed de novo and factual findings may be set aside only if they are clearly erroneous. Fed. R. Bankr. P. 8013; In re Kempff, 847 F.3d 444, 448 (7th Cir. 2017). Appellants' challenge in this case arises under the due process clause of the Fifth Amendment, which requires that before a party is deprived of property, he be given notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" and afforded "an opportunity to present [his] objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Because the purpose of notice is to "permit adequate preparation" for an impending hearing, Memphis Light, Gas & Water Division v. Craft, 436 U.S. 1, 14 (1978), the notice must "be of such nature as reasonably to convey the required information." Mullane, 339 U.S. at 314. See also In re Olsen, 563 B.R. 899, 905 (Bankr. E.D. Wis. 2017) (applying same standard to real estate sale under § 363 in bankruptcy case).

The bankruptcy court record in this case shows that appellants received actual notice of the trustee's intent to sell the property pursuant to 11 U.S.C. §§ 105, 363 and 365. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010) (finding actual notice of debtor's plan to repay debt more than satisfied creditor's due process rights). Appellants responded to the notice and requested a hearing. The bankruptcy court held a preliminary hearing at which the parties agreed to submit their objections in writing to the bankruptcy court. Appellants state without explanation that their acceptance of this

7

procedure was "reluctant" and argue that the bankruptcy court "switched horses midstream" and decided the trustee's motion under a provision of 11 U.S.C. § 363 other the one briefed by the parties.

Section 363 governs the use, sale or lease of property and provides in relevant part that

> (b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, except that if the debtor in connection with offering a product or a service discloses to an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information to any person unless--
>
> > (A) such sale or such lease is consistent with such policy; or
> >
> > (B) after appointment of a consumer privacy ombudsman in accordance with section 332, and after notice and a hearing, the court approves such sale or such lease--
> >
> > > (i) giving due consideration to the facts, circumstances, and conditions of such sale or such lease; and
> > >
> > > (ii) finding that no showing was made that such sale or such lease would violate applicable nonbankruptcy law.
>
> * * *
>
> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if–
>
> > (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> >
> > (2) such entity consents;

> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Appellants argue that they were surprised by the court's reliance on subsection (b) instead of subsection (f), but the two provisions are not mutually exclusive. Subsection (b) generally permits the trustee of a bankruptcy estate to sell estate property outside the ordinary course of the debtor's business with prior notice and a hearing. Precision Industries, Inc. v. Qualitech Steel SBQ, LLC, 327 F.3d 537, 544 (7th Cir. 2003); 2 Norton Bankr. L. & Prac. 3d § 44:16. Subsection (f) is more specific and provides additional conditions under which the trustee may sell the property "free and clear of any interest" held by others. Id.; § 2 Norton Bankr. L. & Prac. 3d § 44:24 ("In a free and clear sale, the liens are impressed on the proceeds of the sale, whereas in a subject to sale, the liens survive the sale and continue against the property."). Appellants were on notice that the trustee was seeking approval of a sale under 11 U.S.C. § 363. Although the trustee hoped to satisfy the more stringent standard for a "free and clear title" in 11 U.S.C. § 363(f), the bankruptcy court determined that he had failed to do so and limited the sale to one subject to any liens, claims and encumbrances on the property.

In sum, appellants were given notice of the trustee's intent to sell the property, participated in a preliminary hearing and were allowed to state their objections to the sale in writing. The bankruptcy court reasonably determined that a full evidentiary hearing was

unnecessary because it declined to make any factual findings related to whether the property was encumbered or the sale was being made in good faith. Although the bankruptcy court found that Paul Kelly did not own the title to the property as appellants claimed in their brief, the parties were given the opportunity to present argument and evidence with respect to that issue. In any event, the bankruptcy court did not find that the property was free and clear of all interests, including any interests that Paul Kelly may hold. Accordingly, appellants have not shown that they were deprived of due process.

ORDER

IT IS ORDERED that the appeal filed by appellants Brian and Paul Kelly, dkt. #2, is DENIED.

Entered this 13th day of July, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge